IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Sean Christopher DiCristofano and<br>Dior Vanessa King,<br><br><br>*Debtors*. | Bankruptcy Case No. 25-20208<br><br>Chapter 13 |

AMENDMENT DECLARATION

Please circle or underline amended material when appropriate.

1. PETITION: \_\_\_\_  REOPENING: Yes \_\_\_ No \_\_\_  CONVERSION (13 to 7): Yes \_\_\_ No \_\_\_
   When changing debtor's address, please file separate change of address form.
   When amending, please submit the changes/additional **only**!

2. SCHEDULES: A \_\_\_ B \_\_\_ C \_\_\_ D \_\_\_ E \_\_\_ F \_\_\_ G \_\_\_ H \_\_\_ I \_\_\_ J \_\_\_
   Are you changing the address, amounts, etc., or adding a creditor?
   **Changing** \_\_\_ **Adding** \_\_\_ ($34 amendment fee required for D,E, & F; or
   \_\_\_ IFP Waiver)

3. AMENDED AMOUNTS/TOTALS OF SCHEDULES: \_\_\_\_\_
4. STATEMENT OF AFFAIRS: \_\_\_\_\_
5. AMENDED CHAPTER 13 PLAN: **X**

   If you have amended schedules D, E, F by adding a creditor, you owe $34.00 amendment fee. Fee attached _____

   If schedules D, E, F were amended by no creditors added or adding a listed creditor's attorney, no fee necessary. No fee attached _____
   **Reason no fee is attached** _____

**It is the debtor's responsibility to notify additional creditors by sending a 341 notice and/or Discharge Order to the creditors added to the schedules/matrix.**
A certificate of mailing to creditors should be filed with the Clerk's office (see below)

   I declare under penalty of perjury that the information provided in this attached amendment is true and correct.

| | |
|---|---|
| /s/ Sean Christopher DiCristofano | 03/27/2025 |
| Debtor | Date |
| /s/ Dior Vanessa King | 03/27/2025 |
| Debtor | Date |

U. S. Trustee's Office and Trustee in the case supplied copies of amendment(s)? Yes **X** No \_\_\_

| | |
|---|---|
| /s/ Jeffrey C. Shorter | 03/27/2025 |
| ATTORNEY FOR DEBTOR(S) | Date |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Sean Christopher DiCristofano** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Dior Vanessa King** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF UTAH**

Case number: **25-20208**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

## Official Form 113
## Amended Chapter 13 Plan                                                         12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$1,354.00** per **Month** for **2** months
**$1,324.00** per **Month** for **58** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term. **Debtors' plan payments pay all claims in**

| Debtor | Sean Christopher DiCristofano | Case number | **25-20208** |
|---|---|---|---|
|  | Dior Vanessa King |  |  |

full.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

2.5    The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is **$79,500.00**.

**Part 3:    Treatment of Secured Claims**

3.1    **Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|

| Debtor | Sean Christopher DiCristofano Dior Vanessa King | | | | | | | Case number | 25-20208 |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Freedom Road Financial | $6,238.08 | 2023 Husqvarna TE 2501 n/a miles Location: 182 North 100 West, Unit A, American Fork UT 84003 | $6,238.08 | $0.00 | $6,238.08 | 5.00% | $117.72 | $7,063.18 |

*Insert additional claims as needed.*

3.3    Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Flagship Credit Acceptance | 2019 Subaru WRX Premium 65,000 miles Location: 182 North 100 West, Unit A, American Fork UT 84003 | $34,160.12 | 9.50% | $717.43 | $43,045.51 |

Disbursed by:
☑ Trustee
☐ Debtor(s)

*Insert additional claims as needed.*

3.4    Lien avoidance.

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5    Surrender of collateral.

*Check one.*
☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:   Treatment of Fees and Priority Claims**

| Debtor | **Sean Christopher DiCristofano** | Case number | **25-20208** |
|---|---|---|---|
| | **Dior Vanessa King** | | |

**4.1  General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**7,950.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**5,003.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$0.00**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $       .
☑ **100.00**  % of the total amount of these claims, an estimated payment of $  **16,389.62**  .
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $  **3,041.25**  . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ None. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:  Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Debtor | Sean Christopher DiCristofano<br>Dior Vanessa King | | | Case number | 25-20208 | |
|---|---|---|---|---|---|---|

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Gavin Munro | 12 Month Rental Contract 10/01/2024-09/30/2025 | $2,050.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | | |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

1) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

2) The applicable commitment period is 60 months.

3) Debtors propose to pay secured claim #4 held by Flagship Credit Acceptance for the 2019 Subaru WRX at 9.5% interest rate fixed payment and shall be paid according to the amount listed on its Proof of Claim (see 3.3 of the plan). Notice of the plan has been served on Flagship Credit Acceptance in compliance with Fed. R. Bank. P. 3012(b). Debtors propose to pay adequate protection payments on this claim in the amount of $341.00 a month for six (6) months. See attached Notice of Adequate Protection Payments.

4) Debtors propose to pay secured claim #7 held by FreedomRoad Financial for the 2023 Husqvarna TE Motorcycle at 5% interest fixed payment and shall be paid according to the amount listed on its Proof of Claim (see 3.2 of the plan). Notice of the plan has been served on FreedomRoad Financial in compliance with Fed. R. Bank. P. 3012(b).

### Part 9: Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Sean Christopher DiCristofano**          X    **/s/ Dior Vanessa King**
     Sean Christopher DiCristofano                         Dior Vanessa King
     Signature of Debtor 1                                 Signature of Debtor 2

     Executed on    **March 27, 2025**                     Executed on    **March 27, 2025**

X    **/s/ Jeffrey C. Shorter**                      Date    **March 27, 2025**
     Jeffrey C. Shorter 5884
     Signature of Attorney for Debtor(s)

| Debtor | **Sean Christopher DiCristofano** | Case number | **25-20208** |
|---|---|---|---|
|  | **Dior Vanessa King** |  |  |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | Sean Christopher DiCristofano | Case number | 25-20208 |
|---|---|---|---|
| | Dior Vanessa King | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $7,063.18 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $43,045.51 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $12,953.00 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $16,389.62 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | $79,451.31 |

Official Form 113                                Chapter 13 Plan                                Page 7

Jeffrey C. Shorter (#5884)
SMART SCHOFIELD SHORTER, P.C.
A Professional Corporation
5320 South 900 East, Ste. 120
Salt Lake City, UT 84117
Telephone: (801) 747-0647
Facsimile: (801) 747-1049
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| In re:<br><br>Sean Christopher DiCristofano and Dior Vanessa King,<br><br>Debtors. | Bankruptcy No. 25-20208<br>Chapter 13<br>Judge Kevin R. Anderson |
|---|---|

**NOTICE OF ADEQUATE PROTECTION PAYMENTS
UNDER U.S.C. § 1326(a) AND OPPORTUNITY TO OBJECT**

The Debtors state as follows:

1    On January 15, 2025, the Debtor(s) filed a voluntary petition under Title 11 commencing a chapter 13 bankruptcy case.

2    The Debtors propose to make Adequate Protection Payments, pursuant to § 1325(a)(1)(C) accruing with the initial plan payment which is due no later than the originally scheduled meeting of creditors under § 341 and continuing to accrue on the first day of each month thereafter, to the holders of the allowed secured claims in the amounts specified below:

| Secured Creditor | Collateral Description | Amount of adequate protection payments | Number of months in Adequate protection period |
|---|---|---|---|
| Flagship Credit Acceptance | 2019 Subaru WRX | 341.00 | 6 |

3.   The monthly plan payments by the Debtors shall include the amount necessary to pay Adequate Protection Payments and the amount necessary to pay the Trustee's statutory fee.

4.   Upon completion of the Adequate Protection Payment period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5.   The Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtors or otherwise ordered by the Court.

6.   Objections, if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

Dated this 27th day of March, 2025.

      /s/ Jeffrey C. Shorter_____
      Jeffrey C. Shorter
      Attorney for Debtors

\\ssssvr2\network\sldocs\jshorter\1.bankruptcy clients\dicristofano, sean & dior (44565.00)\notice of adequate protection payments (dicristofano).03272025 tpk.doc